OPINION
{¶ 1} Appellant James Wilson appeals the decision of the Perry County Court of Common Pleas that granted summary judgment to National Union Fire Insurance Company of Pittsburgh. The following facts give rise to this appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 7, 1989, Appellant James Wilson was a passenger in a car operated by Jeffrey B. Hinkle. Mr. Hinkle lost control of said vehicle, resulting in the vehicle striking a large tree. As a result of the accident, Appellant sustained serious injuries and incurred medical expenses in excess of $96,000.
 {¶ 3} Mr. Hinkle's insurer paid its policy limits of $100,000 to Appellant.
 {¶ 4} Subsequently, appellant sought UIM coverage under an insurance policy issued to his wife's employer. On the date of the accident, Appellant `s wife Debbie Wilson was employed by P.C.C. Airfoils ("PCC"). PCC had a commercial auto policy issued by Hartford Accident and Indemnity Company ("Hartford") with liability coverage in the amount of $1,000,000 per accident.
 {¶ 5} The parties filed cross motions for summary judgment. On April 17, 2003, the trial court granted Hartford's motion for summary judgment.
 {¶ 6} The trial court denied appellants' motion for summary judgment.
 {¶ 7} Appellant timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court erred to the prejudice of plaintiff-appellant in denying his motion for summary judgment and in granting summary judgment in favor of defendant-appellee because plaintiff-appellant is an insured under the hartford business auto policy.
 {¶ 9} "II. The trial court erred to the prejudice of plaintiff-appellant in denying his motion for summary judgment and in granting summary judgment in favor of defendant-appellee because plaintiff-appellant is "legally entitled" to recover UIM benefits under the hartford business auto policy.
 {¶ 10} "III. The trial court erred to the prejudice of plaintiff-appellant in denying his motion for summary judgment and in granting summary judgment in favor of defendant-appellee because hartford was not prejudiced by breach of its notice or consent-to-settle provisions."
 {¶ 11} "Summary Judgment Standard"
 {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 15} It is based upon this standard that we review appellants' assignments of error.
 I, II, III {¶ 16} We will address appellant's First, Second AND Third Assignments of Error simultaneously pursuant to the recent decisions of the Ohio Supreme Court in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849 and In Re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 17} The above cited cases limit the application of Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, "* * * by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." Galatis at ¶ 2. The Galatis decision also overruled Ezawa v. Yasuda Fire Marine Ins. Co. of Am.,86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 18} The record indicates the accident in the case sub judice did not occur while appellant's wife was acting within the course and scope of his or her employment. (T. at 30-34, 36). Accordingly, appellant is not entitled to coverage under the policies of insurance Hartford issued to PCC.
 {¶ 19} Appellant's First, Second and Third Assignments of Error are overruled as moot.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.
Hoffman, P.J., and Wise, J., concur.